**Robert E. BLAIR, Plaintiff,**

v.

**M/V BLUE SPRUCE, her engines, tackle, apparel and furniture, Defendant.**

Civ. A. No. 70–115–J.

United States District Court, D. Massachusetts.

July 14, 1971.

Kaplan, Latti & Flannery, Michael B. Latti, Boston, Mass., for plaintiff.

Richard B. Kydd, Kneeland, Splane & Kydd, Boston, Mass., for defendant.

## OPINION

JULIAN, District Judge.

In this action the plaintiff seeks to recover pilotage fees allegedly owed him by defendant. The parties stipulated most of the facts in the case, and a trial was had on the remaining factual issues.

### Findings of Fact

1. Plaintiff Robert E. Blair is a licensed and duly qualified pilot in the harbor of the City of Gloucester, within the District of Massachusetts.

2. The M/V BLUE SPRUCE is owned by Blue Peter Steamship, Ltd., a corporation duly organized and existing according to the laws of the Commonwealth of Massachusetts and having a usual place of business in St. John's, Newfoundland.

3. The M/V BLUE SPRUCE was duly attached and seized by federal process and subjected to the in rem jurisdiction of this Court.

4. At approximately 8:30 A.M. on December 30, 1969, the M/V BLUE SPRUCE was on the high seas approaching the harbor of the City of Gloucester, within the District of Massachusetts.

5. At the same time, plaintiff, accompanied by one George Landrigan, was in a pilot boat approximately one quarter of a mile east of Eastern Point Buoy #2 in the Gloucester Harbor.

6. Plaintiff offered his services as pilot to the master of defendant vessel. The offer was in fact communicated to the master by raising appropriate and

well-known signal flags, by lighting signal lights, and by radioing to the master of defendant vessel.

7. Plaintiff's services were knowingly and intentionally refused by the master of the defendant vessel. Defendant vessel proceeded without a pilot past plaintiff's pilot boat into Gloucester Harbor, and defendant vessel was subsequently secured to a wharf in the Gloucester Harbor on December 30, 1969.

8. After following defendant vessel into port, plaintiff, accompanied by George Landrigan, went aboard defendant vessel and spoke to the master of defendant vessel, Gordon J. Walsh. Plaintiff again offered his services to the master, this time to pilot the ship to sea. The master refused plaintiff's services.

9. Plaintiff then informed the master that defendant vessel would be liable for the pilotage fee whether plaintiff's pilotage services were accepted or not. Plaintiff then made demand upon the master for pilotage fees in the sum of $231.25 by presenting the master with a bill for that amount. The master refused to accept or honor plaintiff's demand.

10. Later that same day, December 30, 1969, plaintiff again went aboard defendant vessel and offered his services as pilot and made demand for pilotage fees. The master again rejected plaintiff's offer and demand.

11. Defendant vessel subsequently embarked from the City of Gloucester on December 30, 1969, without availing itself of plaintiff's pilotage services.

12. Pilotage fees of $9.25 per foot of draft for the harbor of the City of Gloucester have been established in accordance with Mass. G.L. c. 103.

13. The depth of water drawn by defendant vessel on its voyage into Gloucester Harbor on December 30, 1969, was 14 feet; the depth of water

drawn by defendant vessel on its voyage out of Gloucester Harbor on December 30, 1969, was 10 feet, 8 inches.

14. Pilotage fees for defendant vessel's voyages into and out of Gloucester Harbor on December 30, 1969, computed at a rate of $9.25 per foot of draft, are $129.50 and $101.75,[1] respectively, for a total of $231.25.

15. Plaintiff's claim for pilotage fees in the sum of $231.25 for December 30, 1969, against the M/V BLUE SPRUCE was approved and allowed by Michael P. Orlando, Deputy Pilot Commissioner of District II, pursuant to Mass. G.L. c. 103.

16. Defendant vessel has refused and continues to refuse to pay the said pilotage fees.

### Conclusions of Law

For the reasons stated in this Court's *Opinion* of June 23, 1970, denying defendant's Motion to Dismiss, Blair v. M/V BLUE SPRUCE, 1970, D.Mass., 315 F.Supp. 555, I rule that:

1. Pilotage services are "necessaries" within the meaning of 46 U.S.C. §§ 971 and 972, and therefore the master of defendant vessel is presumed to have had authority from the owner to procure pilotage services for defendant vessel. 46 U.S.C. § 972.

2. Plaintiff, who proffered his services as pilot to the master of defendant vessel but was unlawfully refused, "furnished * * * necessaries" to defendant vessel within the meaning of 46 U.S.C. § 971.

3. Plaintiff is entitled to recover from defendant the full pilotage fees for the pilotage services he tendered to the defendant vessel on December 30, 1969.

It is ordered that judgment be entered for the plaintiff in the amount of $231.25.

---

1. The figure 10 feet, 8 inches was rounded off to 11 feet.